[No. 8296. In Bank. — December 1, 1886.]

FRANKLIN HEYWOOD, Executor, etc., of Z. B. Heywood, Deceased, Appellant, v. BERKELEY LAND AND TOWN IMPROVEMENT ASSOCIATION et al., Respondents.

Lease — Covenant to Use Premises for a Ferry — Breach of — Forfeiture — Finding. — The action was brought by the personal representative of a deceased lessor to recover the possession of the demised premises, on the ground that a covenant by the lessee, to use the premises for the usual and ordinary business of a ferry, had been broken, and that thereby the lease had become forfeited. On this issue the court found in favor of the defendants. *Held*, that the finding was sustained by the evidence.

Appeal from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial.

On the 4th of April, 1877, Z. B. Heywood leased to the defendant, the Berkeley Land and Town Improvement Association, the premises in controversy, consisting of the Berkeley Ferry Wharf and two pieces of land, on one of which the wharf was situated, for the term of ten years, with the privilege of renewal for a like period, at the rental of one dollar a year, payable in advance. In consideration of receiving the lease, the lessee covenanted "that said leased premises shall be used in good faith, continuously during the existence of this lease, for the usual and ordinary business of a ferry to and from the city and county of San Francisco, and shall not be used for any other purpose whatever." The lease further provided as follows: "And it is distinctly understood and agreed by and between the parties hereto that if default be made in any of the covenants herein contained on the part and behalf of the said party of the second part, its successors or assigns, to be paid, kept, and performed, in any particular, as to time or circumstance, then and from thenceforth this indenture of lease shall be forfeited

and become void, and it shall and may be lawful for the said party of the first part to re-enter in and upon said leased premises, and the same to have again, repossess, and enjoy." Immediately upon the execution of the lease the lessee put upon the route a steam ferry-boat, which continued to run, making daily trips, and carrying freight and passengers between West Berkeley and the city of San Francisco, until the first day of April, 1880. On that day the boat was libeled and seized by the United States marshal for money due its officers from the improvement association; and it remained tied up in the custody of the marshal until the twenty-ninth day of the month, when it was sold by him, under judicial process, to the defendant R. P. Thomas. The improvement association then assigned its lease to Thomas, and on the evening of the day of sale the boat resumed its trips, and thereafter continued to make them daily up to the time of trial. Between the 1st and 29th of April, no ferry-boat, except a small schooner which was owned and operated by other parties, was run between the leased wharf and San Francisco. The schooner made occasional trips, as wind and weather would permit, sometimes being occupied a week on a single trip, and at other times only half a day. The action was brought by the executor of the lessor to recover possession of the leased premises, on the ground that the lease had been forfeited by reason of the failure to run the ferry. The further facts are stated in the opinion of the court.

*S. S. & G. T. Wright,* and *H. A. Powell,* for Appellant.

*Edward J. Pringle,* for Respondents.

The COURT.—The court below found, "the leased premises in the complaint described have, since the first day of April, 1880, been used in good faith continuously for the usual and ordinary business of a ferry to and from the city and county of San Francisco, and for no period

since the first day of April, 1880, were the leased premises not used for the business or the purpose of a ferry"; and as conclusion of law the court found that the said lease was not and is not forfeited; that the defendants do not unlawfully withhold or detain the said leased premises from the plaintiff.

We are of opinion that the finding of fact is justified by the evidence, and that no forfeiture was incurred.

Judgment and order affirmed.